

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00269-CV

**IN THE MATTER OF D.J.,** a Minor

From the 436th Judicial District Court, Bexar County, Texas
Trial Court No. 2023JUV00116
Honorable William "Cruz" Shaw, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:    Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice
H. Todd McCray, Justice

Delivered and Filed: May 7, 2025

AFFIRMED

D.J. was charged with three counts of delinquent conduct. Prior to trial, the State abandoned all counts except for the violation of Texas Penal Code Section 22.05, knowingly discharging a firearm at a moving vehicle. A three-day jury trial was held in March of 2024 after which the jury found that D.J. "did engage in delinquent conduct." The trial court appointed counsel for appeal and entered its disposition order on May 1, 2024, placing D.J. in the care, custody and control of his mother under the supervision of Bexar County Juvenile Probation Department until his eighteenth birthday, or November 21, 2024. The trial court also instructed D.J. and his mother of his right to appeal.

On appeal, D.J.'s court-appointed appellate counsel filed a brief in which he concludes this appeal is frivolous and without merit and requests to withdraw as counsel. This court advised counsel that the brief did not meet the requirements set out in *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). We identified the specific deficiencies and ordered counsel to file a motion to withdraw and a response demonstrating that he had complied with the *Kelly* requirements by August 19, 2024. When he did not do so, the court again ordered counsel to comply by September 27, 2024. On September 22, 2024, D.J.'s court-appointed counsel filed a motion to withdraw and otherwise satisfied the court orders by demonstrating compliance with the *Kelly* requirements, advising D.J.'s parent of the brief filed in this court and counsel's motion to withdraw, the right to a free record, the right to file a pro se brief on D.J.'s behalf, and the right to appeal to the Texas Supreme Court in the event the trial court's disposition is affirmed. This court then issued an order advising that a pro se brief may be filed by a date certain. No additional brief was filed.

The brief filed by D.J.'s court-appointed counsel demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). In addition, we have also thoroughly reviewed the record. We, too, find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We therefore grant the request to withdraw filed by appointed counsel and affirm the trial court's judgment. *See id.; see also In re D.A.S.*, 973 S.W.2d 296 (Tex. 1998).

No substitute counsel will be appointed. Should D.J. wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or must file a pro se petition. Any petition for review must be filed within 45 days from the date of either this opinion or the date on which the last timely filed motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 53.7. Any petition for review must be filed in the Texas Supreme Court and should comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 53.2.

Notwithstanding counsel's discharge, counsel must send D.J. and his guardian a copy of our decision and notify them of his right to file a pro se petition for review. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008). Because a juvenile proceeding is quasi-criminal in nature, we will also require counsel to send this Court a letter certifying counsel's compliance with Rule 48.4. *See* TEX. R. APP. P. 48.4.

Lori Massey Brissette, Justice

DO NOT PUBLISH